In the Matter of the Estate of Minnie Sands, an Incompetent Person. Henry A. Cornell, as Committee of Minnie Sands, an Incompetent Person, Respondent; Nettie Longyear et al., Appellants.— Appeal from an order dated February 25, 1955, confirming the report of a Referee to whom was referred to hear and report a motion for instructions as to whether the committee should retain or dispose of shares of stock, assets of the incompetent's estate, and permitting the committee to dispose of said stock. The notice of appeal brings up for review the order of reference, dated December 2, 1954. Order dated February 25, 1955, modified on the law and the facts by striking therefrom the first, second and third ordering paragraphs and by substituting therefor provisions that the motions for confirmation of the Referee's report and for instructions be denied. The order is further modified by striking from the fourth ordering paragraph the allowance to the committee's attorney and by

reducing the allowance to the Referee, made in said paragraph, from $350 to $250. As so modified, order affirmed, without costs. Appeal from order dated December 2, 1954, dismissed, without costs. The proof elicited in support of the motion for instructions and at the hearings before the Referee was insufficient to constitute a sound basis for the making of any authorization by the court, contrary to the usual policy of having the committee make his own determination after diligent effort to obtain all of the material facts. Other than the continuous receipt of dividends of approximately $10 a share per annum and the balance sheets showing the book value of the corporations to be $300 a share and $280 a share, no information of probative value was adduced. The showing with respect to the restricted market and the so-called provision in the letters patent of the Canadian corporation was hearsay. There has been no proof adduced as to the provisions governing the corporations with respect to sales of stock, payment of dividends nor of any of the factors including the business of these corporations and their prospects, upon which to make any sound judgment. In our opinion, the limited assets and income of the estate did not warrant the allowance made by Special Term to the Referee. In view of the disposition on appeal of the motion for instructions, no allowance to the committee's attorney is justified. Nolan, P. J., Wenzel, Schmidt and Murphy, JJ., concur; Ughetta, J., not voting.